

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-03312

---

*Law and Policy Section*                                          *Telephone (202) 514-1442*
*P.O. Box 7415*                                                   *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC  20044-7415*

October 23, 2012

Clerk's Office
United States District Court
Northern District of California
Oakland Division
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

       Re:    <u>Baykeeper v. Lakeside Non-Ferrous Metals, Inc.</u>, United States District Court for
              the Northern District of California, Case. No. 4:12-cv-3294

Dear Clerk of Court:

      I am writing to notify you that the United States has reviewed the proposed consent
decree in this action and does not object to its entry by this Court.

      On September 10, 2012, the Citizen Suit Coordinator for the Department of Justice
received a copy of the proposed consent judgment in the above-referenced case for review
pursuant to Clean Water Act, 33 U.S.C. § 1365(c)(3).  This provision provides, in relevant part:

      No consent judgment shall be entered in an action in which the United States is
      not a party prior to 45 days following the receipt of a copy of the proposed
      consent judgment by the Attorney General and the Administrator.

<u>See also</u> 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of
Justice).  A settlement that does not undergo this federal review process is at risk of being void.

      In its review, the United States seeks to ensure that the proposed consent judgment
complies with the requirements of the relevant statute and is consistent with its purposes. <u>See</u>
<u>Local 93, Int'l Ass'n of Firefighters v. City of Cleveland</u>, 478 U.S. 501, 525-26 (1986) (a
consent decree should conform with and further the objectives of the law upon which the
complaint was based). For example, if the defendant has been out of compliance with statutory
or permit requirements, the proposed consent judgment should require the defendant to come
into prompt compliance and should include a civil penalty, enforceable remedies, injunctive
relief, and/or a supplemental environmental project (SEP) payment sufficient to deter future
violations, or combinations of the above.

In this case, the Plaintiff alleged violations of section 301(a) and 402 of the Clean Water Act, 33 U.S.C. § 1311(a) and § 1342, for the unlawful discharge of pollutants and violations of storm water permit requirements.  In terms of injunctive relief, the consent decree provides that the Defendant update in its current Storm Water Pollution Prevention Plan to incorporate storm water pollution prevention measures and to comply with provisions set forth in the Industrial Stormwater Permit and include specified Best Management Practices.  The consent decree also provides for employee training, specified stormwater sampling schedules and reporting, and providing the Plaintiff with up-to-date sampling and analysis reports and end of season summaries.  The Defendant's facility will also be subject to twice-yearly site inspections during the life of the consent decree.

This consent decree further provides that the Rose Foundation will receive a total payment of $10,000 for a SEP to benefit the San Francisco watershed. The consent decree also provides that, in the event of certain future exceedances and missed deadlines by the Defendant, the Defendant shall pay additional stipulated amounts to Rose Foundation.

Where a consent judgment provides for the payment of sums to a third party for a SEP, the United States asks the third party to confirm in writing that it is a section 501(c)(3) tax-exempt entity and that it (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent.

On September 11, 2012, the United States received from the Rose Foundation a letter confirming that all funds received from the Defendant as a result of the proposed consent decree would be used solely for the purpose outlined in the decree and that the Foundation does not fund political lobbying activities prohibited by section 501(c)(3) of the IRS Code; a copy of that letter is attached.  The Department of Justice believes that this letter will help ensure that any monies expended under the proposed consent judgment will be used in a manner that furthers the purposes of the Act, and that is consistent with the law and the public interest.

Given these representations, the United States has no objection to the entry of the proposed consent judgment.  We accordingly notify the Court of that fact.

The United States affirms for the record that it is not bound by this settlement. See, e.g., Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc., 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); Sierra Club v. Electronic Controls Design, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party).  The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the

parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications.  Se<u>e</u> 33 U.S.C. §1365(c)(3).

        We appreciate the attention of the Court.  Please contact the undersigned at (202) 514-3932 if you have any questions.

                                        Sincerely,


                                        */s/ Judy Harvey*
                                        _____
                                        Judy Harvey, Attorney
                                        U.S. Department of Justice
                                        Environment and Natural Resources Division
                                        Law and Policy Section
                                        P.O. Box 7415
                                        Washington, D.C.  20044-4390


cc:     Counsel on Record via ECF

Attachment

ATTACHMENT

# THE ROSE FOUNDATION

For Communities & The Environment



9/6/12

Sarah Lu
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re:   San Francisco Baykeeper v. Lakeside Non-Ferrous Metals

Dear Ms. Lu,

This letter is intended to provide assurance that I have received the proposed Consent Decree between San Francisco Baykeeper and Lakeside Non-Ferrous Metals, and that I am authorized by my Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation should receive funding from Lakeside Non-Ferrous Metals as specified in the Consent Decree. The funding may include stipulated penalties as well as a mitigation payment.

2) The Rose Foundation shall only use any Lakeside Non-Ferrous Metals funds received to support projects designed to benefit the San Francisco Bay watershed. None of the funding shall be used to support San Francisco Baykeeper in any way.

3) After all the funds have been disbursed, the Rose Foundation shall send a report to the Justice Department, the court and the parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**

The Rose Foundation is a 501(c)(3) public charity (tax ID#94-3179772).  Its mission is to support grassroots initiatives to inspire community action to protect the environment, consumers and public health.  To fulfill this mission, the Rose Foundation conducts the following activities:

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations. The Foundation does not fund political lobbying activities prohibited by Section 501(c)(3) of the IRS Code.

- Work directly in schools and in the community to encourage environmental stewardship and civic participation.

6008 College Avenue, Suite 10 • Oakland, California 94618
(510) 658-0702 • fax: (510) 658-0732
email: rose@rosefdn.org • www.rosefdn.org

- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

Within this broad range of activities, all of the Rose Foundation's work revolves around one or more of the following strategic themes:

- Build and maintain a bridge between the community and organized philanthropy.

- Protect the natural environment, public health, and community and consumer rights.

- Promote collaboration between labor, environmental, business, consumer and social interests.

- Cultivate a new generation of environmental stewards and social policy leaders.

- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water, and individual dignity and privacy.

The Rose Foundation is governed by a Board of Directors. Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then makes recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Levy and Powers are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or tlittle@rosefdn.org.

Sincerely,

Tim Little
Executive Director

2