Jason Flanders (Bar No. 238007)
Sejal Choksi (Bar No. 222093)
Andrea Kopecky (Bar No. 276366)
SAN FRANCISCO BAYKEEPER, INC.
785 Market Street, Suite 850
San Francisco, California 94103
Telephone: (415) 856-0444
Facsimile: (415) 856-0443
Email: jason@baykeeper.org
Email: sejal@baykeeper.org
Email: andrea@baykeeper.org

Attorneys for Plaintiff
BAYKEEPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BAYKEEPER, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAKESIDE NON-FERROUS METALS, INC.,<br><br>Defendant. | Civil Case No. C 12-03294-DMR<br><br>Hon. Donna M. Ryu<br><br>**STIPULATION TO AMENDMENTS TO CONSENT DECREE; [PROPOSED] ORDER ADOPTING AMENDMENTS TO CONSENT DECREE** |

1     Plaintiff San Francisco Baykeeper ("Baykeeper") and Defendant Lakeside Non-Ferrous Metals, Inc. ("Lakeside") in the above-captioned action respectfully submit this stipulation as follows:

    **WHEREAS,** on June 26, 2012, Baykeeper filed the Complaint against Lakeside in this action, alleging violations of the Federal Water Pollution Control Act ("Clean Water Act" or "the Act"), 33 U.S.C. §§ 1251-1387 and the to the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 92-12-DWQ (as amended by Water Quality Order 97-03-DWQ), issued pursuant to Section 402 of the Federal Water Pollution Control Act, 33 U.S.C. §1342 (hereinafter "Industrial Stormwater Permit") at Lakeside's facility located at 412 Madison Street in Oakland, California;

    **WHEREAS,** on August 31, 2012, Baykeeper and Lakeside (collectively, the "Parties") resolved in full Baykeeper's allegations in the Complaint through settlement and entered into a Consent Decree;

    **WHEREAS,** on October 23, 2012, the Consent Decree was approved by the United States Department of Justice ("DOJ");

    **WHEREAS,** on October 26, 2012, the Consent Decree was adopted by Order of this Court (Docket No. 14);

    **WHEREAS,** by letter dated November 8, 2012, attached hereto as Exhibit 1, Baykeeper invoked informal dispute resolution pursuant to Paragraph 33 of the Consent Decree, alleging that Lakeside had failed to comply with the requirements of Paragraph 10(c) of the Consent Decree;

    **WHEREAS,** the Parties have worked cooperatively to resolve the dispute;

    **WHEREAS,** Lakeside has obtained a permit from the East Bay Municipal Utilities District to collect stormwater on site and discharge it to the sanitary sewer in lieu of treating stormwater on site prior to discharging it to the municipal storm sewer;

    **WHEREAS**, the Parties have agreed to amendments to the Consent Decree as set forth below (and as shown for the Court's convenience in the redline attached hereto as Exhibit 2); and

    **WHEREAS**, the Parties have further agreed to reimbursement of Baykeeper's reasonable attorneys' fees and costs as set forth below;

**WHEREAS**, the amendments to the Consent Decree were mailed to DOJ for review and approval on April 25, 2013;

**WHEREAS**, the DOJ has no objection to the amendments to the Consent Decree (as shown in an email on June 13, 2013, attached hereto as Exhibit 3);

**NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:**

1. The Consent Decree shall be amended as follows:
    a. In Paragraph 5(a), insert the phrase "trench drains," following the phrase "catch basins," at the end of line 2;
    b. In Paragraph 5(a), insert the phrase "trench drain," following the phrase "catch basin," in line 5;
    c. In Paragraph 5(b), insert the phrase "trench drains," following the phrase "catch basin" in line 4;
    d. Strike all of Paragraph 10 and replace with revised Paragraph 10 as follows:
   
   10. **BMPs at the Madison Street Facility:** After the Effective Date, and no later than September 1, 2013, Lakeside shall install and implement the following BMPs at the Madison Street Facility and include them in an updated SWPPP. Note that if any modifications result in changes to discharge locations, those discharges must be sampled pursuant to the Industrial Stormwater Permit, Section B: Monitoring Program and Reporting Requirements, ¶ 5(a).
       a. Install a perimeter-wide trench drain at least 9 inches wide and 5 inches deep that ties into existing trench drains;
       b. Re-direct downspouts and gutters to discharge stormwater to the interior of the site; and
       c. Install an on-site stormwater detention system and obtain a wastewater discharge permit from the East Bay Municipal Utility District ("EBMUD") to discharge detained stormwater to the sanitary sewer ("EBMUD Permit"). Compliance with the terms of the EBMUD Permit shall at all times be a

condition of this Consent Decree. The EBMUD Permit is attached hereto as Exhibit 1.

    i. Lakeside shall not discharge stormwater to the sanitary sewer during or within twenty-four (24) hours after a storm event.

    ii. Prior to any discharge of detained stormwater to the municipal storm sewer, Lakeside shall be required to (a) collect a sample from the relevant detention tank and (b) obtain laboratory analysis of that sample pursuant to Paragraph 17 of this Agreement.

    iii. Lakeside shall not discharge detained stormwater to the municipal storm sewer if sample results demonstrate pollutant levels above the Target Levels set forth in Exhibit 2 to this Agreement.

    iv. Lakeside shall not discharge the settled solids and stormwater in the lower one foot of Tank 4 (as defined in the SWPPP) into the municipal storm sewer. Lakeside shall dispose of any such settled solids in accordance with applicable federal and state laws and regulations.

    v. In the event that Lakeside is unable to obtain sample results prior to reaching detention system capacity or otherwise needing to discharge detained stormwater, Lakeside shall not discharge such detained stormwater to the municipal storm sewer.

    vi. Lakeside shall maintain a log of stormwater discharges to the sanitary sewer and to the municipal stormwater sewer ("Stormwater Discharge Log").  The Stormwater Discharge Log shall indicate the date and time of discharge, whether the discharge was to the sanitary sewer or to the municipal storm sewer, the results of any stormwater sampling performed prior to discharge, and any problems in the stormwater detention system, including pump malfunction and trench drain or tank overflow.  The Stormwater Discharge Log shall be made available for

1 inspection by Baykeeper at any site inspection or otherwise within two
2 (2) business day advance request by Baykeeper.
3 e. In the first line of Paragraph 15, strike "October 1, 2012" and replace with
4 "September 1, 2013";
5 f. Strike all of Paragraph 16 and replace with revised Paragraph 16 as follows:

16. **Sampling Program - Stormwater**: Beginning with the 2013-2014 Wet Season, subject to the limitations set forth below, Lakeside shall collect and analyze stormwater samples from its Designated Discharge Point (Tank 4) at the Madison Street Facility according to the following sampling schedule:

   a. During each Wet Season starting with the 2013-2014 Wet Season, Lakeside shall collect and analyze samples from its Designated Discharge Point (Tank 4) prior to each discharge event to the sanitary sewer or municipal storm sewer. If three (3) consecutive samples from the Designated Discharge Point have constituent concentrations below the EBMUD levels as identified in Exhibit 2 to this Agreement, Lakeside need not conduct additional sampling in that Wet Season from the Designated Discharge Point for discharges to the sanitary sewer. In the event Lakeside desires to discharge detained stormwater to the municipal storm sewer, it must comply with sampling requirements set forth in Paragraph 10(c) of this Agreement.

   b. Lakeside shall analyze each stormwater sample collected for the presence of each of the parameters listed on the Sampling Charts attached hereto as Exhibits 2 and 3. Should industrial processes materially change at the Madison Street Facility, Lakeside shall conduct sampling for any additional toxic priority pollutants listed in 40 C.F.R. § 131.38 likely to be present in Lakeside's stormwater discharges in quantities that will cause or contribute to the exceedance of the applicable Target Levels in Exhibit 2 or the EBMUD levels in Exhibit 3 as a result of the changed industrial processes.

g. In the last line of Paragraph 17, strike "Exhibit 1" and replace with "Exhibit 2";

h. Strike all of Paragraph 19 and replace with revised Paragraph 19 as follows:

19. **End of Season Evaluation**: By June 15 following each Wet Season that occurs during the Consent Decree, Lakeside shall prepare and send to Baykeeper an End of Season Evaluation that includes (1) a complete Stormwater Discharge Log for the previous Wet Season; and (2) identification of any improvements or changes to the stormwater detention system described in Paragraph 10(c) that Lakeside has implemented or will implement.

i. Strike all of Paragraph 20;

j. Strike all of Paragraph 21;

k. Strike all of Paragraph 22 and replace with the following:

20. Baykeeper shall have thirty (30) days from receipt of the End of Season Evaluation to propose revisions thereto. Within thirty (30) days of receiving Baykeeper's revisions, Lakeside shall adopt Baykeeper's requested revisions to the End of Season Evaluation unless Lakeside timely invokes Dispute Resolution.

l. Strike all of Paragraph 23 and replace with the following:

21. Lakeside shall implement any improvements or changes to the stormwater detention system described in the End of Season Evaluation adopted pursuant to Paragraph 20 of this Agreement as an obligation of this Consent Decree.

m. Strike all of Paragraph 24 and replace with the following:

22. Within thirty (30) days after any improvements or changes in an End of Season Evaluation adopted pursuant to this Consent Decree are implemented, Lakeside shall amend its SWPPP to include all BMP revisions or additions not otherwise already implemented and included in the SWPPP. Within thirty (30) days thereafter pursuant to this paragraph, Lakeside shall provide Baykeeper with a copy of such revised SWPPP.

n. Strike all of Paragraph 25 and replace with the following:

23. During each Wet Season, Lakeside is under an ongoing obligation to evaluate the BMPs implemented at the Madison Street Facility. Lakeside shall use the results

from subsequent stormwater samples as they become available to assist with its ongoing evaluation of the effectiveness of BMPs.

o. Strike Paragraph 26(b);

p. In Paragraph 29, insert the phrase ", EBMUD" after the phrase "Regional Water Board" in lines 2 and 6;

q. In Paragraph 29, insert the phrase "and the EBMUD Permit" after the phrase "Industrial Stormwater Permit" in line 3;

r. Strike Paragraph 32 and replace with the following:

30. **Compliance Monitoring Funds:** Lakeside shall reimburse Baykeeper one thousand dollars ($1,000) per year for each of the two years of the Term of this Consent Decree, in the total amount of two thousand dollars ($2,000) for costs and fees associated with monitoring Lakeside's compliance with this Consent Decree. The first compliance monitoring fund payment of $1,000 shall be made payable to Baykeeper within thirty (30) days after the Effective Date, and the remainder of the compliance monitoring fund payment, $1,000, shall be made payable to Baykeeper within 12 months from the Effective Date. Lakeside shall reimburse Baykeeper an additional one thousand five hundred dollars ($1,500) on the due date of each End of Season Evaluation.

31. Strike the table heading of Exhibit 1 and replace with "Target Levels Stormwater Discharges to the Storm Sewer". Strike the label "Exhibit 1" and replace with the label "Exhibit 2";

32. Insert new Exhibit 1;

33. Insert new Exhibit 3.

2. Lakeside shall reimburse Baykeeper in the amount of $6,750 to help defray Baykeeper's reasonable investigation, expert, and attorneys' fees and costs, and all other reasonable costs incurred as a result of the Parties' dispute resolution regarding Lakeside's implementation of the BMP requirements of this Agreement. The dispute resolution payment of $6,750 shall be made

payable to Baykeeper within thirty (30) days of the Court's entry of an order adopting the Parties' stipulated amendments to the Consent Decree.

Dated: June 14, 2013

Respectfully submitted,

By: *Andrea L. Kopecky*
Andrea Kopecky
Attorney for Plaintiff Baykeeper

By: *[signature]*
Roberto Stinga
Lakeside Non-Ferrous Metals, Inc.

**APPROVED AND SO ORDERED.**

NORTHERN DISTRICT OF CALIFORNIA

Date: 6/18/2013

*[signature]*
Honorable Donna M. Ryu
United States District Court

Stipulation to Amendments to Consent Decree — 8 — Civil Case No. C 12-03294-DMR